[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17094

_____

D.C. Docket No. 1:14-cv-20244-JAL

MARIO ASBUN TELCHI,

Plaintiff - Appellant,

versus

ISRAEL MILITARY INDUSTRIES, LTD.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 12, 2017)

Before HULL and DUBINA, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

Plaintiff/Appellant Mario Asbun Telchi ("Asbun") appeals two district court orders:  (1) the order granting Defendant/Appellee Israel Military Industries, Ltd.'s ("IMI") motion to dismiss and (2) the order denying Asbun's motion for relief from judgment.

Asbun, who served as an independent sales representative for IMI, is a resident of the Republic of Bolivia.  IMI is a firearms manufacturer that claims to be wholly owned by the State of Israel.  Asbun has no direct knowledge of and does not challenge the ownership of IMI.

In September 2013, Asbun filed this action against IMI in Florida state court, alleging breach of contract and breach of the duty of good faith and fair dealing.  Specifically, Asbun alleged that IMI abandoned him to defend, at his own expense, an investigation brought against IMI by the Bolivian government.  IMI removed the case to federal court and claimed an entitlement to protection under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, et seq.

---

[*] Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

2

Subsequently, IMI filed a motion to dismiss based, among other things, on a lack of subject matter jurisdiction and personal jurisdiction. Before ruling on the motion, the district court granted a request by Asbun for limited jurisdictional discovery. At the conclusion of jurisdictional discovery, the district court entered an order granting IMI's renewed motion to dismiss on the issue of personal jurisdiction. The district court erroneously determined that it did not have personal jurisdiction over IMI under Florida's long-arm statute. That error was later corrected by the district court in its order denying Asbun's motion for relief from judgment. In its subsequent order, the district court denied Asbun's request for relief on the basis that it did not have subject matter jurisdiction over IMI under the FSIA.

The issues presented on appeal are: (1) whether the district court correctly dismissed Asbun's complaint, in light of the limited discovery evidence; and (2) whether the district court correctly denied Asbun's Rule 60(b) motion for relief from the order on the motion to dismiss.

This court reviews questions of jurisdiction *de novo. Beg v. Islamic Republic of Pakistan*, 353 F.3d 1323, 1324 (11th Cir. 2003); *Samco Global Arms, Inc. v. Arita*, 395 F.3d 1212, 1214 n. 4 (11th Cir. 2005). A district court's factual findings are reviewed for clear error. *Williams v. Poarch Band of Creek Indians*,

3

839 F.3d 1312, 1314 (11th Cir. 2016); *Aquamar, S. A. v. Del Monte Fresh Produce N.A., Inc.*, 179 F.3d 1279, 1290 (11th Cir. 1999) (applying the standard in a FSIA case).

With respect to rulings on motions brought under Fed. R. Civ. P. 60(b)(1), "the district court has discretion to relieve a party from a final judgment 'from mistake, inadvertence, surprise, or excusable neglect.'" *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 788 F.3d 1329, 1343 (11th Cir. 2015) (quoting R. 60(b)(1)). "An abuse of discretion occurs where the district court misapplies the law or bases its conclusions on clearly erroneous factual findings." *Id.* at 1338.

Under the FSIA, it is well-established that "a foreign state is presumptively immune from the jurisdiction of United States courts." *Saudi Arabia v. Nelson*, 507 U.S. 349, 355, 113 S. Ct. 1471, 1476 (1993). "The [FSIA] 'provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country.'" *OBB Personenverkehr AG v. Sachs*, ___ U.S. ___, 136 S. Ct. 390, 395 (2015) (quoting *Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 443, 109 S. Ct. 683, 693 (1989)). Thus, we must determine whether a pleaded exception to the FSIA applies—the first or second commercial activities exception. Asbun claimed in the district court that either the "action is based upon a

4

commercial activity carried out in the United States by the foreign state" or "upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere[.]" *See* 28 U.S.C. § 1605(a)(2).

After reviewing the record, reading the parties briefs, and having the benefit of oral argument, we affirm the district court's order of dismissal. The commercial activity carried on in the United States relied on by Asbun—IMI's "mission in Miami" and meetings in Miami regarding IMI business—do not rise to the level of commercial activity as required by the FSIA. The record demonstrates that the conduct constituting the gravamen of Asbun's suit plainly occurred abroad in Colombia, Bolivia, and Israel. *See Sachs*, 136 S. Ct. at 395–96; *Nelson*, 507 U.S. at 357–58, 113 S. Ct. at 1477–78.

In sum, we agree with the district court that a fair reading of the record and governing case law demonstrates that the commercial activity exception, which is limited to commercial activity carried on and performed in the United States, does not apply here. Thus, the district court properly dismissed this case under the FSIA. We also affirm the district court's order denying Asbun's Rule 60(b)(1) motion.

AFFIRMED.[1]

---

[1]Because of our disposition of this case, we need not reach the alternative argument of the doctrine of *forum nonconveniens* made by IMI.